UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Janietha Michele Gary,<br>Plaintiff,<br><br>v.<br><br>Universal Protection Service, LLC d/b/a<br>Allied Universal,<br>Defendant. | CASE NO.: 2:24-cv-6639-RMG-MGB<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

### JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on the basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

    b. The Notice of the Right to Sue was received from the EEOC on or about August 23, 2024.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Janietha Michele Gary, is a citizen and resident of the State of South Carolina and resides in Dorchester County, South Carolina.

4. Defendant, Universal Protection Service, LLC d/b/a Allied Universal, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of the ADA.

7. The Defendant is an industry that affects commerce within the meaning of the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about February 18, 2022, the Plaintiff began working for Defendant as a Security Officer.

11. The Plaintiff had previously been diagnosed with Type 2 Diabetes. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. Upon Plaintiff's hire with Defendant, she informed her Supervisor, Tim Friend, about her disability and need for accommodation of frequent bathroom breaks and the need to be close to a bathroom.

13. Plaintiff was stationed at a perimeter guard post, hundreds of yards away from the nearest building with a restroom.

14. Plaintiff requested to be moved to another job site to be closer to a restroom. All of the Plaintiff's requests for accommodation were denied, even though other employees had been granted transfers.

15. Despite Plaintiff's requests for accommodations or transfer, Defendant would routinely fail to timely relieve Plaintiff so that she could make her way in time to the nearest restroom.

16. Plaintiff was forced to urinate in the grass just outside of the security shack due to her need to frequently and urgently use the restroom due to her disability and lack of accommodation.

17. In retaliation for requesting accommodation, the Plaintiff was terminated on or about July 15, 2022, when she was placed on leave and never assigned a new position or job site or offer of any new position or job site.

18. Any stated reasons for Plaintiff's wrongful discharge were pretextual in nature. Her wrongful discharge in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodation.

19. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

22. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

23. As a result of her disability, the Plaintiff requested reasonable accommodation of frequent bathroom breaks, and to be closer to a restroom.

24. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

25. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

26. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

27. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

28. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

29. Shortly after requesting said accommodations, the Defendant constructively discharged the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

30. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

31. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

32. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## REQUEST FOR RELIEF

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
November 20, 2024.